## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NU-PHARM, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:08-CV-00070 |
| ) | |
| FOOD AND DRUG ADMINISTRATION, ) | Judge Richard W. Roberts |
| MICHAEL O. LEAVITT, Secretary of ) | |
| Health and Human Services, and ANDREW ) | |
| C. VON ESCHENBACH, M.D., ) | |
| Commissioner of Food and Drugs, ) | |
| ) | |
| Defendants. ) | |

## MOTION TO INTERVENE

Abbott Laboratories ("Abbott") hereby respectfully requests leave to intervene as a

Defendant in the above-captioned proceeding as a matter of right (or in the alternative for

permissive intervention) because the relief sought by Plaintiff would eviscerate previously-

entered injunctions protecting Abbott's patents from the infringing activity of Plaintiff (and its

cohorts) and, Nu-Pharm has argued, could prevent Abbott from obtaining the benefit of the six-

month period of pediatric exclusivity granted to it by the FDA. *See* Fed. R. Civ. Pro. 24(a)(2).

Defendants do not oppose Abbott's intervention.  Plaintiff has indicated that it does not oppose

Abbott's intervention so long as Abbott's participation will not delay the proceedings.  Abbott

agrees to follow whatever schedule is entered by the Court.

In support of this request, Abbott hereby submits with this Motion the attached

Memorandum in Support of Abbott's Motion to Intervene.

Dated: January 17, 2008                         Respectfully submitted,

*Gregory A. Castanias  (441129)
   Email: gcastanias@jonesday.com
Christopher S. Perry (503039)
   Email: csperry@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Tel: 1.202.879.3939
Fax: 1.202.626.1700

*Lead Counsel

OF COUNSEL
Daniel E. Reidy
James R. Daly
Jason G. Winchester
JONES DAY
77 W. Wacker Dr., Suite 3500
Chicago, IL  60601-1692
Tel: 1.312.782.3939
Fax: 1.312.782.8585

*Attorneys for Intervenor Abbott Laboratories*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NU-PHARM, INC.,      ) | |
|            ) | |
| Plaintiff,       ) | |
|            ) | |
| v.        ) | |
|            ) | Civil Action No. 1:08-CV-00070 |
| FOOD AND DRUG ADMINISTRATION,   ) | |
| MICHAEL O. LEAVITT, Secretary of   ) | Judge Richard W. Roberts |
| Health and Human Services, and ANDREW ) | |
| C. VON ESCHENBACH, M.D.,    ) | |
| Commissioner of Food and Drugs,   ) | |
|            ) | |
| Defendants.     ) | |

## <u>MEMORANDUM IN SUPPORT OF ABBOTT'S MOTION TO INTERVENE</u>

Plaintiff Nu-Pharm, Inc. ("Nu-Pharm") and its partners, Apotex, Inc. and Apotex Corp. (collectively, "Apotex"), have had numerous opportunities to litigate the merits of their claims that their products do not infringe Abbott's patents. At every turn, these claims were rejected, and Abbott's patents were upheld. In October 2006, the U.S. District Court for the Northern District of Illinois found, by clear and convincing evidence, that the product described in ANDA No. 77-615 (the "Apotex/Nu-Pharm ANDA") infringes Abbott's patents, and it entered an injunction order explicitly prohibiting FDA from approving that ANDA until after Abbott's patents expire. On appeal, the Federal Circuit affirmed that injunction, and it stands today in full effect. Yet, Nu-Pharm now comes to this Court demanding not just that the Court ignore the October 2006 injunction order, but also that it force FDA to contravene that injunction by immediately approving the Apotex/Nu-Pharm ANDA—thereby putting the agency in contempt of the Illinois court.

This action, and the associated motions Nu-Pharm has filed for a temporary restraining order and/or preliminary injunction, directly and substantially implicate Abbott's legal rights.

Abbott therefore requests that it be granted leave to intervene as of right to ensure that its rights are protected.[1]  Defendants have no objection to Abbott's motion for leave to intervene.

## FACTUAL BACKGROUND

Years ago, the United States Food and Drug Administration (the "FDA") approved Abbott's New Drug Application No. 18-723 to market Depakote®.  Abbott informed the FDA that it owned two patents covering divalproex sodium, the active ingredient in Depakote®— United States Patent Nos. 4,988,731 and 5,212,326 ("the Patents")—both of which expire on January 29, 2008.  The Patents are listed in the FDA's list of "Approved Drug Products With Therapeutic Equivalence Evaluations" in association with Depakote®, so that any applicant wishing to make a generic equivalent of Depakote® must explain to the FDA when the applicant intends to market its generic product and, most importantly, whether the applicant intends to market its product before the Patents expire.

Since 1997, Apotex has sought FDA approval to market and sell its generic divalproex-sodium product before the expiration of the Patents.  First, Apotex submitted ANDA No. 75-112 (the "Apotex/TorPharm ANDA") and notified Abbott that it believed Apotex's product did not infringe the Patents or, alternatively, that the Patents were invalid or unenforceable.  In response, Abbott brought suit, alleging that the proposed product would, if marketed, infringe the Patents.

The district court awarded Abbott summary judgment on its claims, finding the patents valid, enforceable, and infringed.  *See Abbott Labs. v. TorPharm, Inc.*, 156 F. Supp. 2d 738, 747-49 (N.D. Ill. 2001) (Norgle, J.) ("*Abbott I*").  On appeal, the Federal Circuit affirmed on all issues save one—remanding the case for trial on the limited issue whether the Apotex/TorPharm product was an "oligomer."  *See Abbott Labs. v. TorPharm, Inc.*, 300 F.3d 1367, 1381 (Fed. Cir.

---

[1] Abbott will file motions substantively responding to Nu-Pharm's Motion for Temporary Restraining Order And/Or Preliminary Injunction in the very near future, contingent, of course, on the Court's granting this motion to intervene.

2002) ("*Abbott II*").   Trial was held in February 2004 before United States Circuit Judge

Richard Posner.  *See Abbott Labs. v. TorPharm, Inc.*, 309 F. Supp. 2d 1043 (N.D. Ill. 2004)

("*Abbott III*").

At the close of trial, the district court found that Apotex's product was an oligomer and

infringed Abbott's patents.  On March 31, 2004, it issued the following injunction:

- [Defendants], and their respective affiliates, successors in interest, and assigns are enjoined from commercially manufacturing, using, selling, or offering to sell generic divalproex sodium which the Court has found to be infringing within the United States, or from importing such product into the United States, until Abbott's U.S. Patent Nos. 4,988,731 and 5,212,326 expire and defendants have received final approval from FDA to market generic divalproex sodium.

- The effective date for any approval by FDA of ANDA No. 75-112, *or any other application concerning defendants' generic divalproex sodium which the Court has found to be infringing*, shall be no earlier than January 29, 2008, the date of expiration of Abbott's U.S. Patent Nos. 4,988,731 and 5,212,326.

*See id.*  The judgment and the injunction were upheld on appeal.  *Abbott Labs. v. TorPharm, Inc.*,

122 Fed. Appx. 511 (Fed. Cir. March 9, 2005) ("*Abbott IV*").

Two months later, Nu-Pharm's counsel (the same lawyers representing Plaintiff here and

the lawyers that represented Apotex in *Abbott I, II, III, IV, V,* and *VI*) notified Abbott that Nu-

Pharm had filed ANDA No. 77-615 requesting FDA approval to market a generic divalproex-

sodium product before the expiration of the Patents.  No mention was made in this notice of any

involvement by Apotex.  Abbott filed suit against Nu-Pharm in the Northern District of Illinois.

*See Abbott Labs. v. Nu-Pharm, Inc. et al.*, 05-CV-03714 (N.D. Ill.) (Pallmeyer, J.).

Through discovery undertaken in that action, Abbott learned that it was Apotex, not Nu-

Pharm, that controlled every aspect of ANDA No. 77-615, from the development of the product

through the drafting of the actual ANDA.  Moreover, Abbott learned that the product described

in the Apotex/Nu-Pharm ANDA (No. 77-615) was no different from the product described in the

earlier Apotex/TorPharm ANDA (No. 75-112), which already had been adjudged infringing and enjoined. Convinced that the six-person Nu-Pharm was nothing more than a stalking horse for Apotex to attempt to end-run the 2004 Injunction Order, Abbott returned to Judge Posner, filing a motion to enforce that order against the Apotex/Nu-Pharm ANDA.

After an evidentiary hearing, the district court found that "Apotex's choice of Nu-Pharm to file the ANDA was a subterfuge intended to give Apotex a crack at another district judge, who might, in an infringement suit by Abbott, conclude that it was a different, and noninfringing product from the one [Judge Posner] had enjoined [in the TorPharm cases]." *Abbott Labs. v. Apotex, Inc.*, 455 F. Supp. 2d 831, 835 (N.D. Ill. 2006) ("*Abbott V*"). After Abbott's expert demonstrated that the Apotex/Nu-Pharm product was identical to the previously-enjoined Apotex/TorPharm product—and Apotex failed to rebut this fact—the district court found that "[b]ecause there is no credible evidence that the new Apotex product is different from the old, the enjoined, one and much evidence to the contrary, the threshold test for contempt of a patent injunction has been met." *Id.* at 837. The court went on to find that the Apotex/Nu-Pharm ANDA product—like the Apotex/TorPharm ANDA product—infringed the Patents. *Id.* at 840.

Based upon these findings, the court entered a modified Injunction Order on October 6, 2006, that

- "Apotex, Inc., Apotex Corp., and their respective affiliates, successors in interest, and assigns are enjoined from commercially manufacturing, using, selling, or offering to sell generic divalproex sodium which the Court has found to be infringing, including divalproex sodium products synthesized using the processes employed in connection with [the Apotex/TorPharm ANDA], within the United States, or from importing such products into the United States, until [the Patents] expire and defendants have received final approval from FDA to market generic divalproex sodium"; and

- "The effective date of any approval by the FDA of the [Apotex/Nu-Pharm ANDA or the Apotex/TorPharm ANDA], or any other application concerning defendants' generic divalproex sodium which the Court has

- 4 -

found to be infringing, shall be no earlier than January 29, 2008," the date of expiration of the Patents.

On appeal, the Federal Circuit affirmed the district court's decision to hold contempt proceedings and held that "Judge Posner acted entirely within his discretionary authority to issue an order expanding the original injunction." *Abbott Labs. v. TorPharm, Inc.*, 503 F.3d 1372, 1381 (Fed. Cir. 2007) (*Abbott VI*). So, "[b]ecause the Nu-Pharm ANDA drug would infringe the claims of the Abbott patents, the district court did not abuse its discretion in extending the injunction to prohibit the FDA from approving the Nu-Pharm ANDA." *Id.*

Since Judge Posner's modified injunction was upheld by the Federal Circuit, Abbott has received pediatric exclusivity in connection with Depakote®. (*See* Exhibit A (FDA List of Drugs Receiving Pediatric Exclusivity).)[2] By statute, a grant of pediatric exclusivity entitles Abbott to an additional six months of regulatory exclusivity for Depakote®; during this time period, the FDA may not give final approval to any generic equivalent of Depakote®. *See* 21 U.S.C. § 355a(c)(2)(B). Were the Court to award Nu-Pharm the relief it seeks in this case, Nu-Pharm would argue that Abbott could be deprived of its valuable right to this period of exclusivity.

## ARGUMENT

An individual who has "an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest" may seek leave of court to intervene as of right in such an action. Fed. R. Civ. P. 24(a)(2). The District of Columbia Circuit has explained that intervention as of right depends on four factors:

> (1) the timeliness of the motion; (2) whether the applicant "claims an interest relating to the property or transaction which is the subject of the action"; (3) whether "the applicant is so situated that the disposition of the action may as a practical matter impair or

_____

[2] The pediatric exclusivity runs to all Abbott products, including Depakote, that have valproate as the active moiety.

impede the applicant's ability to protect that interest"; and (4) whether "the applicant's interest is adequately represented by existing parties."

*Friends of Animals v. Kempthorne*, 452 F.Supp. 2d 64, 68 (D.D.C. 2006) (quoting *Fund for Animals v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003))[3]. Here, all factors weigh in favor of permitting Abbott to intervene.[4]

## A.     Abbott's Motion to Intervene Is Timely.

Nu-Pharm instituted this case on January 14, 2008—a mere three days ago. (*See* Dkt. 1.) Although Nu-Pharm's complaint and related TRO/PI motions seek to negate Judge Posner's injunctions entered in suits brought by Abbott, Nu-Pharm elected not to notify Abbott (or Judge Posner) of this suit. Nevertheless, Abbott found out about the action yesterday and alerted the Court's clerk within hours of its interest in intervening. This motion is filed only one day after Abbott learned of this action, and only three days after the action was filed. Because Defendants have not yet answered Plaintiff's complaint, and this Court has yet to set a schedule with respect to Plaintiff's motion for a temporary restraining order or preliminary injunction, and has not ruled on any substantive motion, Abbott's motion is unquestionably timely. *See Appleton v. FDA*, 310 F.Supp. 2d 194, 197 (D.D.C. 2004) (filing a motion to intervene within two months of notice of the initial proceeding was timely). Furthermore, there is no prejudice to Plaintiff or Defendants from granting this motion, as it will not delay proceedings in this case. Indeed, the Defendants have indicated that they do not oppose this motion. Plaintiff can have no objection to Abbott's intervention on this ground.

---

[3] The District of Columbia Circuit has also explained that "any person who satisfies Rule 24(a) will also meet Article III's standing requirement." *Roeder v. Islamic Rep. of Iran*, 333 F.3d 228, 233 (D.C. Cir. 2003). As such, Abbott also satisfies the requirement of Article III standing.

[4] Abbott also qualifies for permissive intervention under Rule 24(b)(2), as the application of Abbott's pediatric exclusivity and the FDA's ability to award Nu-Pharm final approval are directly called into question by Nu-Pharm's suit. These two questions of law would be common to any action filed against Nu-Pharm by Abbott. *See* Fed. R. Civ. P. 24(b)(2).

**B.    Abbott Has a Legal Interest Relating to the Subject of The Action.**

Abbott has an interest "relating to the property or transaction which is the subject of the action." Fed. R. Civ. P. 24(a)(2); *Kempthorne*, 452 F.Supp. 2d at 68. Nu-Pharm seeks an order declaring that "FDA's refusal to grant final effective approval of Nu-Pharm's ANDA No. 77-615 . . . is arbitrary, capricious, an abuse of discretion, and contrary to law[,]" and an injunction "requiring FDA to immediately award final approval for Nu-Pharm's divalproex sodium delayed-release 500 mg tablets under ANDA No. 77-615." (Dkt. 1 at 10.) This requested relief directly impacts two separate legal interests of Abbott's.

*First*, Abbott has two valid patents covering divalproex sodium that expire on January 29, 2008. Abbott alleged and proved, by clear and convincing evidence, that the product described in the Apotex/Nu-Pharm ANDA infringes those patents. *See Abbott V*, 455 F. Supp. 2d at 837-38. Based upon that finding, the Illinois court entered an injunction barring FDA from approving Nu-Pharm's ANDA until *after* Abbott's patents expire. Through this action, Nu-Pharm seeks to eviscerate that injunction. Abbott plainly has an interest in seeing that this does not happen, and that its patent rights are protected.

*Second*, because Abbott undertook extensive testing to determine the efficacy of Depakote® in children, Abbott has been granted a period of pediatric exclusivity such that the FDA cannot approve a generic equivalent of Depakote® before July 30, 2008. *See* 21 U.S.C. § 355a(c)(2)(B). Because the FDA found that Abbott is entitled to this exclusivity, Abbott has a legal interest in maintaining that exclusivity for the six-month period following the expiration of the Patents.

**C.    Nu-Pharm's Suit Could Impair Abbott's Interests.**

Both of these legal interests could be impaired by Nu-Pharm's suit. As this Circuit has recognized, a court should consider the "'practical consequences' of denying intervention, even

- 7 -

where the possibility of future challenge . . . remains available." *Kempthorne*, 452 F. Supp. 2d at

70 (quoting *Fund for Animals*, 322 F.3d at 735). The *Kempthorne* court explained that, where

"the task of reestablishing the status quo if [the plaintiff] succeeds . . . will be difficult and

burdensome[,]" there was sufficient evidence that plaintiff's suit would impair intervenors'

interests. *Id.*

Here, the relief sought by Nu-Pharm—a declaratory judgment that the FDA has

unlawfully withheld final approval from the Nu-Pharm ANDA and an injunction ordering the

FDA to immediately approve the Nu-Pharm ANDA's product before Abbott's patents expire—

unquestionably affect Abbott's interests. Indeed, Nu-Pharm's success would be *directly*

*contrary* to the injunction awarded Abbott in prior litigation—an injunction blessed by the

Federal Circuit, *Abbott VI*, which expressly forbids final approval of the Nu-Pharm ANDA prior

to the expiration of Abbott's patents. And, if Nu-Pharm obtained an injunction in this case, and

the FDA granted final approval of Nu-Pharm's product before the expiration of Abbott's patents,

NuPharm would argue that its product is not subject to Abbott's pediatric exclusivity, thereby

depriving Abbott of its valuable right to this additional six-month period of market exclusivity. [5]

Abbott could then have generic competition for its Depakote® product some six months before

such competition otherwise would arise under the applicable FDA rules.

**D.     Abbott's Interests Are Not Adequately Protected by the Current Parties to the Suit.**

Finally, the current parties—the FDA and Nu-Pharm—do not adequately represent

Abbott's interests in this case. Clearly, Nu-Pharm is directly opposed to Abbott and does not

represent Abbott's interests. Nor does the FDA adequately represent Abbott's interests. As this

Circuit has explained, because a federal agency's obligation is to "represent the interests of the

---

[5] Abbott does not believe that, were Nu-Pharm granted final approval before the expiration of the Patents, Nu-Pharm would not be subject to Abbott's pediatric exclusivity. Nu-Pharm has made this argument, however, and such a result would seriously and adversely affect Abbott's rights.

American people . . . , governmental entities do not adequately represent the interests of aspiring intervenors." *Kempthorne*, 452 F. Supp. 2d at 70 (quoting *Funds for Animals*, 322 F.3d at 746)).

*          *          *          *

In sum, because Abbott has demonstrated legal interests in this proceeding that are not adequately addressed by the current parties—and because Nu-Pharm's success in this suit would materially impair Abbott's interests, Abbott is entitled to intervene as of right in this suit.

## CONCLUSION

For all of these reasons, Abbott respectfully requests that it be granted leave to intervene as of right as a defendant in this action.

Dated: January 17, 2008                    Respectfully submitted,

<br>

*Gregory A. Castanias  (441129)
   Email: gcastanias@jonesday.com
Christopher S. Perry (503039)
   Email: csperry@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Tel: 1.202.879.3939
Fax: 1.202.626.1700

*Lead Counsel

OF COUNSEL
Daniel E. Reidy
James R. Daly
Jason G. Winchester
JONES DAY
77 W. Wacker Dr., Suite 3500
Chicago, IL  60601-1692
Tel: 1.312.782.3939
Fax: 1.312.782.8585

*Attorneys for Intervenor Abbott Laboratories*

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2008, I filed the foregoing *Motion to Intervene* and

accompanying documents with the Clerk of the Court and, that same day, sent copies of the same

document to the following via overnight delivery:

William A. Rakoczy                                Drake Cutini
RAKOCZY MOLINO MAZZOCHI SIWIK LLP                 U.S. Department of Justice
6 West Hubbard Street, Suite 500                  Office of Consumer Litigation
Chicago, Illinois 60610                           Room 950 North
                                                  1331 Pennsylvania Ave., N.W.
                                                  Washington, D.C. 20004


_____
Attorney for Abbott Laboratories

EXHIBIT A



**CENTER FOR DRUG EVALUATION AND RESEARCH**

FDA Home Page | CDER Home Page | CDER Site Info | Contact CDER | What's New @ CDER

| CDER Home | About CDER | Drug Information | Regulatory Guidance | CDER Calendar | Specific Audiences | CDER Archives |

Search [_____] GO | powered by Google™

# Drugs to Which FDA has Granted Pediatric Exclusivity for Pediatric Studies under Section 505A of the Federal Food, Drug, and Cosmetic Act

NOTE: This list simply identifies approved active drugs with sponsors to which FDA has granted exclusivity for pediatric studies. Only applications held by the identified sponsor were granted pediatric exclusivity. This page is updated each time a drug has been granted pediatric exclusivity.

Total Exclusivity Determinations = 158   UPDATED

Total Approved Active Moieties Granted Exclusivity = 139

Total Approved Drugs Granted Exclusivity = 144

| Drugs Granted Exclusivity | Sponsor |
|---|---|
| Abacavir | Glaxo Wellcome, Inc. |
| Alendronate | Merck |
| Amlodipine | Pfizer |
| Ammonium lactate | Westwood-Squibb |
| Amphetamines mixed | Shire |
| Anagrelide | Shire |
| Anastrozole | AstraZeneca |
| Aripiprazole | Otsuka |
| Atomoxetine | Lilly |
| Atorvastatin | Pfizer |
| Atovaquone/Proguanil | GlaxoSmithKline |
| Azelastine | Asta Medica |
| Balsalazide | Salix |

| Benazepril | Novartis |
| --- | --- |
| Betaxolol | Alcon |
| Bisoprolol | Wyeth Ayerst |
| Brimonidine | Allergan |
| Brinzolamide | Alcon |
| Budesonide | AstraZeneca |
| Buspirone | Bristol-Myers Squibb |
| Busulfan | Orphan Medical |
| Calcitriol | Abbott Laboratories |
| Carboplatin | Bristol-Myers Squibb |
| Carvedilol | GlaxoSmithKline |
| Celecoxib | G.D. Searle |
| Cetirizine | Pfizer |
| Ciprofloxacin | Alcon |
| Ciprofloxacin | Bayer |
| Citalopram | Forest |
| Clofarabine | Genzyme |
| Desflurane | Baxter |
| Cromolyn | Pharmacia and Upjohn |
| Desloratadine | Schering |
| Didanosine | Bristol-Myers Squibb |
| Dorzolamide | Merck |
| Emtricitabine | Gilead |
| Enalapril | Merck |
| Eplerenone | Pfizer |
| Ertapenem | Merck |
| Esmolol | Baxter |
| Etodolac | Wyeth Ayerst |
| Famotidine | Merck |
| Felodipine | AstraZeneca |
| Fentanyl | Alza |
|  |  |

| | |
|---|---|
| Fexofenadine | Aventis |
| Fludarabine | Berlex |
| Fluoxetine | Lilly |
| Fluticasone | GlaxoSmithKline |
| Fluconazole | Pfizer |
| Fluvastatin | Novartis |
| Fluvoxamine | Solvay Pharmaceuticals |
| Fosinopril | Bristol-Myers Squibb |
| Gabapentin | Parke-Davis |
| Gemcitabine | Lilly |
| Glimepiride | Aventis |
| Glyburide/Metformin* | Bristol-Myers Squibb |
| Ibuprofen | McNeil Consumer Products Co. |
| Ibuprofen | Whitehall-Robbins Healthcare |
| Ibuprofen*/pseudoephedrine | Whitehall-Robbins Healthcare |
| Imatinib | Novartis |
| Imiquimod | 3M |
| Insulin Aspart | Novo Nordisk |
| Insulin glargine | Aventis |
| Irbesartan | Sanofi-Synthelabo |
| Irinotecan | Pfizer |
| Isotretinoin | Hoffmann-La Roche, Inc. |
| Ketorolac | Allergan |
| Lamivudine | Glaxo Wellcome, Inc |
| Lamivudine * | Glaxo Wellcome, Inc |
| Lamotrigine | GlaxoSmithKline |
| Leflunomide | Aventis |
| Levobetaxolol | Alcon |
| Levofloxacin | Ortho McNeil |
| Lisinopril | AstraZeneca |
| Linezolid | Pfizer |

| Lisinopril | Merck |
|---|---|
| Loratadine | Schering Corporation |
| Losartan | Merck |
| Lovastatin | Merck |
| Meloxicam | Boehringer Ingelheim |
| Metformin | Bristol-Myers Squibb |
| Methylphenidate | McNeil |
| Metoprolol | AstraZeneca |
| Midazolam | Hoffmann-La Roche, Inc. |
| Milrinone | Sanofi-Synthelabo |
| Modafinil | Cephalon |
| Mometasone | Schering Corporation |
| Montelukast | Merck |
| Moxifloxacin | Alcon |
| Nabumetone | SmithKline |
| Nefazodone | Bristol-Myers Squibb |
| Nelfinavir | Agouron |
| Nevirapine | Boehringer Ingelheim |
| Norgestimate/ethinyl estradiol | Johnson & Johnson |
| Octreotide | Aventis |
| Ofloxacin | Allergan |
| Olanzapine | Lilly |
| Omeprazole | AstraZeneca |
| Ondansetron | GlaxoSmithKline |
| Orlistat | Hoffmann-La Roche |
| Oseltamivir | Hoffmann-La Roche |
| Oxaliplatin | Sanofi-Aventis |
| Oxaprozin | Searle |
| Oxcarbazepine | Novartis |
| Oxybutynin | Alza |
| Paricalcitol | Abbott |

| | |
|---|---|
| Paroxetine | GlaxoSmithKline |
| Pemirolast | Santen |
| Pimecrolimus | Novartis |
| Pravastatin | Bristol-Myers Squibb |
| Propofol | Zeneca Pharmaceuticals |
| Quinapril | Parke-Davis |
| Ranitidine | Glaxo Wellcome, Inc. |
| Remifentanil | Abbott Laboratories |
| Ribavirin/Intron A | Schering Corporation |
| Risperidone | Janssen |
| Ritonavir | Abbott |
| Rofecoxib | Merck |
| Rosiglitazone | GlaxoSmithKline |
| Salmeterol | GlaxoSmithKline |
| Sertraline | Pfizer |
| Sevoflurane | Abbott Laboratories |
| Sibutramine | Abbott Laboratories |
| Simvastatin | Merck |
| Sirolimus | Wyeth |
| Sodium ferric gluconate complex | Watson Pharmaceuticals |
| Sotalol | Berlex Laboratories |
| Stavudine | Bristol-Myers Squibb |
| Sumatriptan | GlaxoSmithKline |
| Tamoxifen | AstraZeneca |
| Temozolomide | Schering |
| Terbinafine | Novartis |
| Testosterone | Unimed Pharmaceuticals |
| Timolol | Falcon |
| Tolterodine | Pfizer |
| Topotecan | GlaxoSmithKline |
| Tramadol | R.W. Johnson |
| | |

| | |
|---|---|
| Valproate **New!!** | Abbott |
| Valsartan | Novartis |
| Venlafaxine | Wyeth-Ayerst |
| Vinorelbine | GlaxoSmithKline |
| Zoledronic acid **New!!** | Novartis |
| Zolmitriptan | AstraZeneca |
| Zolpidem | Sanofi-Aventis |

♦ Active Moieties Granted Second Period of Pediatric Exclusivity

⬆ Back to Top  ◥ Back to Pediatrics Page

Date created: June 10, 2005; Last updated: December 21, 2007

CDER Home Page | CDER Site Info | Contact CDER | What's New @ CDER
FDA Home Page | Search FDA Site | FDA A-Z Index | Contact FDA | Privacy | Accessibility | HHS Home Page

FDA/Center for Drug Evaluation and Research

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NU-PHARM, INC.,          )<br><br>Plaintiff,        )<br><br>v.        )<br>      )<br>FOOD AND DRUG ADMINISTRATION, )<br>MICHAEL O. LEAVITT, Secretary of  )<br>Health and Human Services, and ANDREW )<br>C. VON ESCHENBACH, M.D.,    )<br>Commissioner of Food and Drugs,   )<br>      )<br>Defendants.      ) | Civil Action No. 1:08-CV-00070<br><br>Judge Richard W. Roberts |

### DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST

I, the undersigned, counsel of record for Abbott Laboratories, certify that to the best of my knowledge and belief, there are no parent companies, subsidiaries or affiliates of Abbott Laboratories which have any outstanding securities in the hands of the public.

These representations are made in order that judges of this court may determine the need for recusal.

Dated: January 17, 2008     Respectfully submitted,

*Christopher S. Perry*

_____

\*Gregory A. Castanias  (441129)
 Email: gcastanias@jonesday.com
Christopher S. Perry (503039)
 Email: csperry@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Tel: 1.202.879.3939
Fax: 1.202.626.1700

\*Lead Counsel

OF COUNSEL
Daniel E. Reidy
James R. Daly
Jason G. Winchester
JONES DAY
77 W. Wacker Dr., Suite 3500
Chicago, IL  60601-1692
Tel: 1.312.782.3939
Fax: 1.312.782.8585

*Attorneys for Intervenor Abbott Laboratories*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NU-PHARM, INC.,      ) | |
|                  ) | |
|      Plaintiff,     ) | |
|                  ) | |
|      v.                 ) | Civil Action No. 1:08-CV-00070 |
|                  ) | |
| FOOD AND DRUG ADMINISTRATION,   ) | Judge Richard W. Roberts |
| MICHAEL O. LEAVITT, Secretary of   ) | |
| Health and Human Services, and ANDREW   ) | |
| C. VON ESCHENBACH, M.D.,   ) | |
| Commissioner of Food and Drugs,   ) | |
|                  ) | |
|      Defendants.    ) | |

## [PROPOSED] ORDER

The Court having considered Abbott Laboratories' Motion to Intervene and

Memorandum in Support of Abbott Laboratories' Motion to Intervene, and counsel for Plaintiff

and Defendants having made their positions known on this Motion,

The Court finds that Abbott Laboratories is entitled to intervene as of right in these

proceedings in accordance with Federal Rule of Civil Procedure 24(a)(2), having demonstrated a

legal interest in these proceedings that would not be adequately protected by any of the existing

parties to this action.

It is therefore ORDERED that Abbott Laboratories' Motion to Intervene is hereby

GRANTED.

SO ORDERED

Date:_____        _____
                                       U.S. District Court Judge Richard W. Roberts