IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NU-PHARM INC. ) | |
| ) | |
| Plaintiff, ) | Case No. 1:08-cv-00070 (RWR) |
| v. ) | |
| ) | |
| FOOD AND DRUG ADMINISTRATION, ) | |
| MICHAEL O. LEAVITT, Secretary of Health ) | |
| and Human Services, and ) | |
| ANDREW C. VON ESCHENBACH, M.D., ) | |
| Commissioner of Food and Drugs, ) | |
| ) | |
| Defendants. ) | |

## NU-PHARM'S OPPOSITION TO ABBOTT'S MOTION TO INTERVENE

Plaintiff Nu-Pharm Inc. hereby respectfully opposes Abbott Laboratories' Motion to Intervene on the grounds that Abbott's participation will delay resolution of Nu-Pharm's Motion for Temporary Restraining Order and/or Preliminary Injunction.

While Nu-Pharm strongly disagrees with Abbott's characterization of the facts set forth in its motion to intervene, as Abbott acknowledges, Nu-Pharm previously expressed that it would not oppose Abbott's motion *so long as Abbott's participation would not delay the proceedings in this Court*. Yet, the day after Abbott filed its motion to intervene, Abbott submitted to the Court via hand delivery, and sent to Plaintiff's counsel via UPS, an *Omnibus Motion Of Intervenor Abbott Laboratories To Dismiss Nu-Pharm's Complaint, Or Alternatively To Transfer This Matter To Illinois, And Response In Opposition To Motion for Temporary Restraining Order and/or Preliminary Injunction*, which Abbott proposes to file "promptly" should its motion to intervene be granted. Should Abbott be permitted to intervene and file its Omnibus Motion, Abbott's Motion without question would disrupt these proceedings and delay resolution of Nu-Pharm's Motion for Temporary Restraining Order and/or Preliminary

Injunction.  This is, of course, one of the main reasons that Abbott prepared its Motion.  Nu-Pharm, therefore, opposes Abbott's intervention in this matter.

Nu-Pharm has applied to this Court for emergency injunctive relief and has requested an expedited briefing schedule that would enable it to obtain the relief requested by January 29, 2008.  Abbott's omnibus motion raises substantive issues of fact and law—issues that Nu-Pharm contests—that are separate and apart from, and irrelevant to, those raised in Nu-Pharm's motion.  Adding these issues could make it substantially more difficult for the Court to resolve all issues raised in Nu-Pharm's motion before January 29, 2008.[1]  Indeed, Abbott's proposed omnibus motion to dismiss or transfer Nu-Pharm's suit against FDA, Secretary Leavitt, and Commissioner von Eschenbach is nothing more than a disingenuous attempt to distract the Court's attention from the significant statutory and regulatory issues raised in Nu-Pharm's suit arising under the Administrative Procedure Act and delay resolution of Nu-Pharm's underlying Motion for Temporary Restraining Order and/or Preliminary Injunction.

For these reasons, Nu-Pharm opposes Abbott's Motion to Intervene.  Should the Court grant Abbott's motion, however, Nu-Pharm respectfully requests that Abbott be allowed to participate in this action solely for the purpose of responding to Nu-Pharm's Motion for Temporary Restraining Order and/or Preliminary Injunction, and that Abbott not be permitted to file its proposed omnibus motion to dismiss or transfer Nu-Pharm's suit at this time.

---

[1] In addition to the substantive issues raised in Abbott's proposed omnibus motion, Abbott's brief makes repeated reference to materials that have been marked "Confidential" by Nu-Pharm under the Protective Order entered in Abbott's separate patent infringement action against Nu-Pharm.  *See Abbott Labs. v. Nu-Pharm Inc.*, No. 1:05-cv-3714 (N.D. Ill.) (Pallmeyer, J.).  Abbott also attaches exhibits to that submission which have been marked "Confidential" pursuant to that Order.  The Order prevents information and documents designated as "Confidential" from being used in any proceeding except the *Abbott/Nu-Pharm* patent litigation without Nu-Pharm's consent (which has not been given) or leave of the patent court (which has not been requested, let alone obtained).  Nu-Pharm is evaluating how the Protective Order issue raised by Abbott's proposed submission should best be addressed.

-3-

Dated:  January 22, 2008.                    Respectfully submitted,

                                              NU-PHARM INC.

                            By:    */s/ William A. Rakoczy*
                                           One of its attorneys

William A. Rakoczy, D.C. Bar No. 489082
Christine J. Siwik
Lara E. FitzSimmons
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, Illinois 60610
(312) 222-6301
(312) 222-6321 (facsimile)

*Counsel for Nu-Pharm Inc.*

## CERTIFICATE OF SERVICE

I, William A. Rakoczy, HEREBY CERTIFY that on this 22nd day of January 2008, a true and correct copy of Nu-Pharm's Opposition to Abbott's Motion to Intervene was served via overnight delivery upon the following:

>Drake Cutini
>U.S. Department of Justice
>Office of Consumer Litigation
>Room 950 North
>1331 Pennsylvania Ave., N.W.
>Washington, D.C. 20004
>*Counsel for the Federal Defendants*
>
>Gregory A. Castanias
>Christopher S. Perry
>JONES DAY
>51 Louisiana Avenue, N.W.
>Washington, D.C. 20001-2113
>*Counsel for Proposed Intervenor-Defendant*
>*Abbott Laboratories*

>      */s/ William A. Rakoczy*
>     William A. Rakoczy
>     *Counsel for Nu-Pharm Inc.*