# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NU-PHARM, INC.,          ) <br>              ) <br> Plaintiff,       ) <br>              ) <br> v.            ) <br>              ) <br> FOOD AND DRUG ADMINISTRATION, ) <br> MICHAEL O. LEAVITT, Secretary of   ) <br> Health and Human Services, and ANDREW ) <br> C. VON ESCHENBACH, M.D.,     ) <br> Commissioner of Food and Drugs,    ) <br>              ) <br> Defendants.    ) | Civil Action No. 1:08-CV-00070 <br><br> Judge Richard W. Roberts |

## REPLY IN SUPPORT OF ABBOTT'S MOTION TO INTERVENE

Pursuant to Federal Rule of Civil Procedure 24(a)(2), an entity that (1) timely files a motion to intervene and (2) demonstrates an interest in the pending proceedings that (3) is not adequately protected by a current party and (4) could be impaired by the pending proceedings "shall be permitted" as a matter of right to intervene. Fed. R. Civ. P. 24(a)(2); *see also Friends of Animals v. Kempthorne*, 452 F.Supp. 2d 64, 68 (D.D.C. 2006). Abbott demonstrated in its opening brief that each of these factors is met here, and Nu-Pharm does not even attempt to argue otherwise. Instead, Nu-Pharm urges the Court to deny Abbott the undisputed right to defend its interests in this case on the ground that Abbott's proposed motion to dismiss (or transfer) this action will delay the resolution of Nu-Pharm's pending motion for emergency injunctive relief. (Dkt. 6 at 2.) This objection is both irrelevant and false.

*First*, Nu-Pharm's objection does not bear on any of the four factors enumerated by Rule 24(a)(2), and thus should be disregarded. Even if it is considered, moreover, this argument, like so many raised by Nu-Pharm in this case, misses the mark. Abbott's right to intervene is based not on Nu-Pharm's groundless motion for an emergency injunction, but rather on Abbott's right

in the "property or interest which is the subject of the action." Fed. R. Civ. P. 24(a)(2). Thus, it is Nu-Pharm's *complaint*, not its subsequent motion, that is relevant to this inquiry. *See, e.g.*, *Apotex, Inc. v. FDA*, 508 F. Supp. 2d 78, 80 n. 2 (D.D.C. 2007) (looking to the allegations of a generic manufacturer's complaint against the FDA to determine whether an innovator/proposed intervenor was entitled to intervene as of right). Nu-Pharm does not contest that the claims made in its complaint directly implicate Abbott's legal interests, nor that Abbott's interests are inadequately represented by the current parties. Abbott thus has a right to intervene – a right that cannot be lost simply because Nu-Pharm has chosen to file a bogus motion for emergency injunctive relief. *Contra Marine Power & Equip. Co. v. United States*, 594 F. Supp. 997, 1000 (D.D.C. 1984) (permitting a company to intervene after plaintiff filed a motion for a preliminary injunction and granting the intervenor's partial motion to dismiss).

Nor can Abbott be denied this right of intervention because it intends to move the Court to dismiss the case, or transfer it to the Northern District of Illinois, rather than only responding to Nu-Pharm's motion for injunctive relief. Rule 24 does not allow a plaintiff to dictate the terms of intervention to suit its own litigation strategies. Abbott has an uncontroverted right to intervene as a defendant in this case, and a defendant certainly has the right to move to dismiss a complaint that, like this one, fails to state a claim (Fed. R. Civ. P. 12(b)(6)), or to request transfer to another district when justice so requires (28 U.S.C. § 1404(a)). Nu-Pharm cannot be allowed to shield its meritless complaint from challenge merely by filing an equally meritless motion for an emergency injunction, heaping insult upon injury. The Federal Rules do not provide for such a result, and Nu-Pharm offers neither statutory nor case law support for its position.

*Second*, even if Nu-Pharm's objection had a legal basis (and it does not), it still fails as matter of fact, for Abbott's participation will not delay these proceedings. Abbott learned about

this case last Wednesday. Abbott promptly sought leave to intervene in the case and even participated in a conference call with the Court and Nu-Pharm, where Nu-Pharm indicated it would not oppose Abbott's intervention so long as Abbott agreed to whatever schedule was agreed to by Nu-Pharm and the other defendants. Nu-Pharm had no concrete scheduling proposal, and, not knowing whether this theoretical schedule would be workable, Abbott could not agree to this vague condition. Abbott has no intention to delay this case, however.

Within two days of learning of the case, Abbott submitted its omnibus motion, which contains Abbott's opposition to Nu-Pharm's motion for emergency injunctive relief. Abbott submitted these papers before a briefing schedule was even entered by the Court, and it will comply with any dates the Court sets for further briefing. There is no possible claim that Abbott's participation in this case is intended to, or will, cause undue delay.[1]

## CONCLUSION

For all of these reasons – as well as the reasons outlined in Abbott's initial motion and memorandum of law – Abbott respectfully requests that it be granted leave to intervene as of right as a defendant in this action.

---

[1]Nu-Pharm adds a vague assertion that Abbott ran afoul of the protective order entered in *Abbott Labs. v. Nu-Pharm, Inc.*, 05 C 3714 (N.D. Ill.) by referencing information in its omnibus motion that had been designated by Nu-Pharm in that case as "Confidential." This argument does not bear on the Rule 24 intervention analysis, but Abbott nevertheless is constrained to point out that, again, Nu-Pharm is wrong. All of the information referenced in Abbott's omnibus motion was made public at the request of the Federal Circuit in conjunction with the appeal in 2007, and without objection from Nu-Pharm. The protective order in question specifically provides that its restrictions "shall not apply to documents, things, or information that [] was, is, or will become public knowledge in a manner other than a violation of this Order." There is no colorable claim that Abbott has violated any term of the protective order from the Nu-Pharm Litigation.

Dated: January 23, 2008

Respectfully submitted,

*Gregory A. Castanias  (441129)
  Email: gcastanias@jonesday.com
Christopher S. Perry (503039)
  Email: csperry@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Tel: 1.202.879.3939
Fax: 1.202.626.1700

*Lead Counsel

OF COUNSEL
Daniel E. Reidy
James R. Daly
Jason G. Winchester
JONES DAY
77 W. Wacker Dr., Suite 3500
Chicago, IL  60601-1692
Tel: 1.312.782.3939
Fax: 1.312.782.8585

*Attorneys for Intervenor Abbott Laboratories*

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2008, I submitted the foregoing *Reply in Support of Abbott's Motion to Intervene* to the Clerk of Court via the Clerk's electronic mailbox, and delivered a hard copy via UPS to the following counsel of record:

William A. Rakoczy
Rakoczy Molino Mazzochi Siwik LLP
6 West Hubbard Street, Suite 500
Chicago, Illinois 60610

Drake Cutini
U.S. Department of Justice
Office of Consumer Litigation
Room 950 North
1331 Pennsylvania Ave., N.W.
Washington, D.C. 20004

Christopher S Perry

_____
Attorney for Abbott Laboratories